IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERRI ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:10CV1021-WKW |
| | ) | |
| WALGREENS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 5, 2011 (Doc. # 19), this court ordered plaintiff to respond to defendant's motion to compel plaintiff's attendance at her deposition.  Plaintiff failed to respond as directed.  Thereafter, the court entered an order granting the motion to compel and directing plaintiff to appear for deposition at a time and place to be noticed by defense counsel during the week beginning on May 16, 2011, unless plaintiff and defense counsel agreed to a different deposition date. (Doc. # 21). This action is presently before the court on the motion to dismiss filed by defendant on April 26, 2011, the day before the court entered its order granting the motion to compel.  (Doc. # 20).

Defendant contends that this action is due to be dismissed because plaintiff failed to: (1) appear for her deposition as originally noticed; (2) comply with the court order directing her to respond to the motion to compel; and (3) offer defendant any alternative date for her

deposition.[1]

The Federal Rules of Civil Procedure allow the court to impose sanctions for a party's failure to attend its own deposition.  Fed. R. Civ. P. 37(d).  "The district court . . . has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction."  Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).   However, in Cox v. American Cast Iron Pipe Co., 784 F.2d 1546 (11th Cir.), cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986), the Eleventh Circuit reversed the district court's dismissal of plaintiffs' claims pursuant to Rule 37(d).  The court described dismissal as a sanction of "last resort," and observed that "[o]n appeal we will find abuse of discretion if lesser sanctions would suffice."  Id. at 1555-56.  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  A district court may dismiss a case pursuant to Rule 41(b) only "as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  World Thrust Films, Inc v. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995).

In its order entered on April 27, 2011, this court advised the *pro se* plaintiff of her

---

[1]  This latter contention is contradicted within defendant's motion, which indicates that plaintiff left a message for defense counsel on April 7th indicating that she was "available on the 29th."  (Doc. # 20, ¶ 3).

obligation under the Federal Rules of Civil Procedure to provide discovery, including attending her own deposition, and warned her that she may be subject to sanctions if she fails to do so. It remains to be seen whether plaintiff will heed this warning. The motion to dismiss is due to be denied, as the court cannot conclude that the drastic sanction of dismissal is warranted at this time.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss (Doc. # 20) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before May 20, 2011. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 6th day of May, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE