IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRI ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:10-CV-1021-WKW |
| | ) |
| WALGREEN CO., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

On May 6, 2011, the Magistrate Judge filed a Recommendation (Doc. # 22), to which Defendant Walgreen Company ("Walgreen") objected (Doc. # 23). The Magistrate Judge recommends denial of Walgreen's April 26, 2011 motion to dismiss (Doc. # 20), on the basis that "the court cannot conclude that the drastic sanction of dismissal is warranted [against Plaintiff] *at this time*." (Doc. # 22 (emphasis added).)  The Magistrate Judge also noted that "[i]t remains to be seen whether [P]laintiff will heed" the sanctions warning in the April 27, 2011 Order requiring Plaintiff to appear for her deposition during the week of May 16, 2011. (Doc. # 21; Doc. # 22, at 3.)  Walgreen objects to the Recommendation, arguing that the Magistrate Judge made a factual error in concluding that Plaintiff had offered a deposition date to Walgreen's counsel in a phone message left on April 7, 2011.[1]  (Doc. # 23, at 1-3.) Walgreen's factual objection does not undermine the legal conclusion reached by the

---

[1] Defendant's objection also contains a renewed motion to dismiss that is not properly before the court on consideration of the Magistrate Judge's May 6, 2011 Recommendation. (*See* Doc. # 23, 3-5 (seeking to renew its motion to dismiss on the basis that Plaintiff did not appear for her deposition during the week of May 16, 2011); Doc. # 24 (granting Plaintiff until June 3, 2011 to respond to Defendant's renewed motion to dismiss).).

Magistrate Judge in the Recommendation. The Magistrate Judge concluded that in light of Plaintiff's *pro se* status, and the April 27, 2011 Order compelling Plaintiff's attendance at her May 2011 deposition, the drastic sanction of dismissal was not yet warranted in this case. Though recognizing Walgreen's objection concerning the proper interpretation of Plaintiff's phone message (Doc. # 22, at 1-2 n.1; Doc. # 23, 1-2), the court concludes that under either interpretation of that message, Plaintiff's actions as of May 6, 2011, did not constitute a pattern of willful conduct ripe for the severe sanction of dismissal. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

Accordingly, it is ORDERED that:

(1) Walgreen's objection is OVERRULED (Doc. # 23), the Magistrate Judge's Recommendation (Doc. # 22) is ADOPTED, and Walgreen's motion to dismiss (Doc. # 20) is DENIED;

(2) the court will consider Walgreen's remaining, renewed motion to dismiss (Doc. # 23) upon entry of a recommendation by the Magistrate Judge; and

(3) the case is referred back to the Magistrate Judge for additional proceedings.

DONE this 31st day of May, 2011.

                                            /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE