IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRI ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10CV1021-WKW |
| ) | |
| WALGREENS COMPANY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 5, 2011 (Doc. # 19), this court ordered plaintiff to respond to defendant's motion to compel plaintiff's attendance at her deposition after plaintiff failed to attend a deposition noticed for March 29, 2011.[1]  Plaintiff failed to respond as directed.  Thereafter, the court entered an order granting the motion to compel and directing plaintiff to appear for deposition at a time and place to be noticed by defense counsel during the week beginning May 16, 2011, unless plaintiff and defense counsel agreed to a different deposition date. (Doc. # 21).[2]  Plaintiff failed to appear for deposition, as ordered by the court.  This action is presently before the court on the motion to dismiss filed by defendant on May 20, 2011.

---

[1] The court warned plaintiff that, if she failed to comply with the order – or any future order of the court – she may be subject to sanctions, including dismissal of this action. (Doc. # 19).

[2] In this order, the court again warned plaintiff of the possibility of dismissal as a sanction. (Doc. # 21)("[T]he court advises plaintiff that she is required to provide discovery, including her own deposition, to the defendant in accordance with the Federal Rules of Civil Procedure and that, if she fails to comply with this order or any future order of the court, she may be subject to sanctions, up to and including dismissal of this action.").

(Doc. # 23).[3]  By order entered on May 23, 2011, the court allowed plaintiff until June 3, 2011 to respond to the motion to dismiss, advising her that "if she fails to respond to the motion within the time allowed by the court, this action may be dismissed."  (Doc. # 24). Plaintiff has filed no response to the motion.

In the motion, defense counsel describes his repeated efforts to contact plaintiff, by both telephone and mail, regarding her deposition.  (Doc. # 20, pp. 3-4).  The day after this court entered its order directing plaintiff to attend her own deposition during the week of May 16, 2008, defense counsel began trying to contact plaintiff regarding the deposition. Defendant first attempted to contact plaintiff by telephone that day, leaving voice messages, before noticing her deposition by certified mail (with a copy by e-mail) for May 16, 2011, with a request that plaintiff contact defense counsel.  (Doc. # 23, Exhibit A).  On May 9, 2011, a week before the scheduled deposition, defense counsel again attempted to contact plaintiff by telephone, and left a voice message asking plaintiff to call regarding her deposition. Defense counsel reminded plaintiff of the deposition by certified mail and e-mail on May 11, 2011.  (Exhibit B).  At 6:14 a.m. on May 16, 2011, the date noticed for the deposition, plaintiff telephoned defense counsel's office, leaving a voice message stating that she was "under the weather," "had other things going on," and could not attend due to the

---

[3]  Defendant moved for dismissal as a sanction on April 26, 2011.  Concluding that the severe sanction of dismissal was not warranted at that time, the undersigned Magistrate Judge recommended that the motion to dismiss be denied. Over defendant's objection, the District Judge adopted the recommendation by order entered May 31, 2011.  (Doc. ## 20, 22, 23, 25).

"short notice."[4] Later that morning, defense counsel attempted to reach plaintiff by telephone, and left a voice message stating that the deposition would be reset for May 18, 2011 at 10:00 a.m., and asking plaintiff to call. On the same day, counsel re-noticed the deposition by First Class Mail and by e-mail. (Exhibit C). Defense counsel called plaintiff's telephone number on May 17th, again leaving a voice message reminding plaintiff of the rescheduled deposition time and asking that she call regarding the deposition. She did not, and she did not appear for the scheduled deposition on May 18th. Counsel again attempted, unsuccessfully, to reach plaintiff by telephone.

The Federal Rules of Civil Procedure allow the court to impose sanctions for a party's failure to attend its own deposition. Fed. R. Civ. P. 37(d). "The district court . . . has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction." Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). However, in Cox v. American Cast Iron Pipe Co., 784 F.2d 1546 (11th Cir.), cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986), the Eleventh Circuit reversed the district court's dismissal of plaintiffs' claims pursuant to Rule 37(d). The court described dismissal as a sanction of "last resort," and observed that "[o]n appeal we will find abuse of discretion if lesser sanctions would suffice." Id. at 1555-56. Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these

---

[4] The court's order of April 27, 2011 – followed immediately by defense counsel's calls, letters, deposition notices, and e-mails – gave plaintiff sufficient advance warning of the need to make herself available for the May 16, 2011, deposition.

3

rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court may dismiss a case pursuant to Rule 41(b) only "as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films, Inc v. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995).

In its order entered on April 27, 2011, this court advised the *pro se* plaintiff of her obligation under the Federal Rules of Civil Procedure to provide discovery, including attending her own deposition, and warned her that she may be subject to sanctions if she fails to do so. Plaintiff has once ignored this court's order directing her to respond to a motion and – despite being provided an opportunity to continue her prosecution of this case and ample warning of the possibility of dismissal as a sanction – has now defied an order of this court directing her to attend her own deposition during the week of May 16, 2011. She has also repeatedly ignored telephone messages left by defense counsel asking that she call him regarding her deposition. While she offered defense counsel excuses for her refusal to attend her May 16, 2011, deposition by means of a telephone voice message left early that morning, plaintiff has offered no justification to the court, despite the court's order allowing her an opportunity to respond to the present motion to dismiss. Additionally, she has failed to explain to defense counsel or to the court her failure to attend the rescheduled deposition on May 18, 2011.

The case plaintiff has commenced cannot proceed if plaintiff refuses to cooperate in discovery, even after being ordered to do so and after being warned of the consequences of failure to comply with the court's orders. The court concludes that plaintiff has engaged in a clear pattern of delay *and* willful contempt and, further, that a lesser sanction than dismissal with prejudice will not suffice.[5]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's renewed motion to dismiss (Doc. # 23) be GRANTED, and that this action be DISMISSED with prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before June 29, 2011. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144,

---

[5] The court has considered lesser sanctions, including dismissal without prejudice. Plaintiff has demonstrated, however, that she is unwilling to participate in litigation on the terms required by the Federal Rules of Civil Procedure and by the orders of the court.

1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 15th day of June, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE